## IVORY v. NOME CONSOL. DREDGING CO.

(Second Division. Nome. June 23, 1915.)

No. 2557.

TERRITORIES ⬿20—LEGISLATIVE LIMITATIONS—PROCESS—STATUTES —SUMMONS.

> Congress, in Act June 6, 1900, c. 786, § 45, 31 Stat. 339, provided that summons in actions in Alaska "shall be served by the marshal or any deputy, or by a person specially appointed by him or by the court or judge thereof." The Legislature of Alaska (Sess. Laws 1913, p. 29), amended that section by providing that summons might also be served "by any person over the age of twenty-one years who is competent to be a witness in the action." In the Organic Act (Act Aug. 24, 1912, c. 387, 37 Stat. 512), creating the Legislature, its powers were limited by Congress by a proviso in section 3: "And the Legislature shall pass no law depriving the judges and officers of the district court of Alaska of any authority, jurisdiction, or function exercised by like judges or officers of District Courts of the United States." *Held*, the amendatory act of 1913, so passed by the Legislature of Alaska, is in conflict with the Organic Act, and is void.

> (See Currier v. Mihalcik, page 251, ante, where the court in the Fourth division holds contrary.)

---

⬿See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

H. O'Neill, of Nome, and G. B. Grigsby, of Juneau, for plaintiff.

T. M. Reed, of Nome, and G. D. Schofield, of Seattle, Wash., for defendant.

TUCKER, District Judge. This case is before me upon a motion to quash the summons therein. The motion is made upon two distinct grounds: (1) Because the title of the act of 1913 (Session Laws of Alaska, p. 29) does not express the subject thereof, as required by section 8 of the Organic Act (37 Stat. 512, 514, U. S. Comp. St. 1916, § 3535); and (2) because the act is repugnant to the last paragraph of section 3 of the Organic Act (37 Stat. 512, U. S. Comp. St. 1916, § 3530).

The United States Revised Statutes of 1878 make it the marshal's duty to execute throughout the district all lawful processes directed to him and issued under authority of the United States, and give him and all his deputies the same power as sheriffs and their deputies in the same state. U. S. R. S. § 787 (U. S. Comp. St. 1916, § 1311); Foster's Fed. Prac. § 361, p. 1159.

In addition to the statute, I find that rule 15 of the Rules of Practice in Equity for the Federal Courts (198 Fed. xxiii, 115 C. C. A. xxiii) provides that:

"The service of all processes, mesne and final, shall be by the marshal of the district or his deputy, or by some other person specially appointed by the court for that purpose and not otherwise. In the latter case, the person serving the process shall make affidavit thereof."

See Foster, Fed. Prac. vol. 3, p. 2418.

Sections 877 and 879 of the Compiled Laws of Alaska of 1913 are evidently written with a view to conforming to this statute and rule, and are a part of the act of Congress providing for the government of Alaska. It does seem, therefore, that, even though there had been no restriction upon the territorial Legislature in these matters, such as is found in the last paragraph of section 3 of the Organic Act (37 Stat. 512), the Legislature had no power to authorize any other person than the marshal or his deputies to serve processes. These territorial courts are subject to the control and regulation by Congress as the legislative power, just as the state courts are

subject to the control and regulation of the legislative power of the State; and, until Congress should affirmatively empower the local Legislature with some control over the courts, it would have no power over them.

Be that as it may, the language of the Organic Act forbids the exercise of any such authority or power. The general inhibitory language of the act should be sufficient to deny the legislative power; but when it says plainly and positively that the Legislature shall pass no law depriving the judges and officers of the district court of Alaska of any function exercised by like judges and officers of the District Courts of the United States, there can be no question that the Legislature exceeded its authority in substituting a party other than the marshal or his deputy, and empowering him to serve the processes of this court. The Revised Statutes and rule 15 make it the duty of the marshal exclusively to execute all lawful precepts directed to him. That is one of the chief functions of his office, and Organic Act, § 3, plainly says that the officers of this court shall not be deprived of any functions of like officers of the District Courts of the United States generally.

It is suggested in argument opposing the motion to quash that giving the authority to serve the summons to a person other than the marshal is merely ancillary to the latter's power or duty, but that is not the case here. The word "ancillary" means "subordinate" or "auxiliary," and that term, therefore, would contemplate a party other than the marshal acting or serving the process as his subordinate; but the amendatory language of the legislative act has no such meaning, for it says "that summons shall be served by the marshal or any deputy marshal, or by any person over the age of twenty-one years,", etc., thereby providing in express terms an agency independent of the marshal or his deputy for the service of summons, and, in the latter part of said act, it directs that the "other person to whom the summons is delivered shall indorse thereon the date of such delivery."

The question raised by the motion to quash is that the act deprives the marshal—a court officer—of the function of serving the court's processes. The act of the Legislature not only provides an additional agency for this purpose, which seems to be the view of counsel for plaintiff, but an agency independent of the marshal. It substitutes some other person in place

of the marshal to perform his duty or function, and displaces the marshal. In so doing it necessarily deprives the marshal of one of his highest and most important functions, which is forbidden by the Organic Act. Being satisfied that the motion should be sustained on the last ground, I deem it unnecessary to discuss the first ground.

For these reasons, I am of opinion that the motion should be sustained.